IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RONALD SATISH EMRIT,              )
                                  )
            Plaintiff,            )
                                  )
       v.                         )     1:13CV776
                                  )
AMERICAN COMMUNICATIONS           )
NETWORK, INC.,                    )
                                  )
            Defendant.            )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned United States Magistrate Judge for rulings on Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1), filed in conjunction with Plaintiff's pro se form Complaint (Docket Entry 11); Plaintiff's Motion to Compel Discovery (Docket Entry 5); Plaintiff's Motion to Subpoena Witnesses and Issue Subpoenas Duces Tecum (Docket Entry 7); Plaintiff's Motion in Limine (Docket Entry 8); Plaintiff's Motion to Appoint Counsel (Docket Entry 3); and Plaintiff's Motion to Expedite Trial Date and Preliminary Hearing (Docket Entry 4); as well as for a recommended ruling on Plaintiff's Motion for Preliminary Injunction (Docket Entry 6). For the reasons that follow, Plaintiff's Application for Leave to Proceed In Forma Pauperis is granted; Plaintiff's Motions to Compel Discovery, to Subpoena Witnesses, in Limine, to Appoint

Counsel, and to Expedite are denied; and Plaintiff's Motion for Preliminary Injunction should be denied.

### Plaintiff's Pauper Application

In reliance upon the representations set forth in the Plaintiff's application and affidavit, Plaintiff may commence this action without prepaying fees or costs or giving security for such. See 28 U.S.C. 1915(a). Plaintiff must prepare and deliver to the Clerk the correct summons for service on Defendant, including the correct address and the name and title of the individual to be served on behalf of Defendant given its status as a corporation.[1]

### Plaintiff's Motion to Compel Discovery, Motion to Subpoena Witnesses, and Motion in Limine

Plaintiff has filed a Motion to Compel Discovery (Docket Entry 5), a Motion to Subpoena Witnesses (Docket Entry 7), and a Motion in Limine (Docket Entry 8). These three motions, all of which effectively concern discovery, are premature because service of process has not yet occurred and the Court has not yet established a case-management schedule.

Moreover, pursuant to Federal Rule of Civil Procedure 5(d)(1) and Local Rule 26.1(b), Plaintiff must communicate with the

---

[1] Plaintiff's proposed summons for Defendant (Docket Entry 1, Attachment 3 at 1) fails to identify an officer or registered agent to receive service, as required by Federal Rule of Civil Procedure 4(h)(1)(B) and/or North Carolina Rule of Civil Procedure 4(j)(6) (as made applicable by Federal Rule of Civil Procedure 4(e)(1) and (h)(1)(A)). Plaintiff must submit to the Clerk a new summons that properly identifies an officer or registered agent of Defendant to receive service.

opposing side and conduct his own discovery rather than file motions with the Court (other than to request issuance and service of subpoenas and/or to seek to compel responses to proper discovery directed to Defendant if resisted). In addition, although the United States Marshals Service will serve Plaintiff's subpoenas, Plaintiff's In Forma Pauperis status does not excuse him from paying witness or mileage fees for depositions as required under Federal Rule of Civil Procedure 45(b)(1). See Nance v. King, No. 88-7286, 1989 WL 126533, at *1 (4th Cir. Oct. 18, 1989) ("A district court generally has no duty to subpoena witnesses for an indigent litigant who cannot pay the witness fees in civil, non-habeas cases.").

<u>Plaintiff's Motion to Appoint Counsel</u>

Plaintiff has asked the Court to appoint him pro bono counsel. (Docket Entry 3 at 1-2.) Under 28 U.S.C. § 1915(e)(1), the Court may appoint an attorney for a plaintiff who cannot afford counsel; however, "a plaintiff does not have an absolute right to appointment of counsel." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Instead, the provision of counsel by the Court remains, "as [does] the privilege of proceeding in forma pauperis, a matter within the discretion of the District Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968).

In delineating the scope of this discretion, the Fourth Circuit has held that the requesting litigant "must show that his case is one with exceptional circumstances." Miller, 814 F.2d at 966 (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989).[2] More pointedly, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

However, exceptional circumstances do not exist in this case. First, Plaintiff's Complaint concedes that the applicable statute of limitations may bar his claim. (Docket Entry 11 at 2.) Second,

---

[2] In Mallard, the United States Supreme Court ruled that a court could not make "compulsory assignments of attorneys in civil cases" pursuant to the provision in 28 U.S.C. § 1915 (then codified at subsection (d), now set out in subsection/paragraph (e)(1)) stating that a "'court may request an attorney to represent' an indigent litigant," Mallard, 490 U.S. at 300-01 (holding that the statute's use of the word "request" means that courts may ask, but may not command, attorneys to represent civil litigants). The Supreme Court also declined to "express an opinion on the question whether the federal courts possess inherent authority to require lawyers to serve." Id. at 310. Because this Court ultimately concludes that this case fails to present exceptional circumstances warranting judicial intervention to secure counsel for Plaintiff, no need exists to explore further how the Court might provide counsel in an appropriate case.

4

Plaintiff has not shown that he lacks the capacity to present his own claim. Plaintiff attended law school (Docket Entry 1 at 5) and has made numerous and detailed filings in this case (see Docket Entries 3-8). In sum, the relevant circumstances do not warrant the appointment of counsel.

### Plaintiff's Motion to Expedite

Plaintiff requests that the Court set a trial date no later than December 31, 2013, and set a preliminary hearing no later than November 30, 2013. (Docket Entry 4 at 1.) As with Plaintiff's discovery motions, this request is premature. Moreover, Plaintiff's proposed schedule appears unreasonably truncated and does not conform to this Court's Local Rules. See M.D.N.C. R. 26.1. Local Rule 26.1 provides for three scheduling tracks - Standard, Complex, and Exceptional - according to the nature and complexity of a case. The most accelerated "Standard" track provides for four months of discovery. M.D.N.C. R. 26.1(a)(1). In contrast, Plaintiff requests that a trial commence in less than four months. (See Docket Entry 4 at 1.)

Nor does Plaintiff's Motion to Expedite offer any reasons for the adoption of such a condensed schedule. (See Docket Entry 4 at 1-2.) Moreover, Plaintiff's Complaint alleges a nationwide fraud (Docket Entry 11 at 2-4), suggesting a matter of some complexity. Similarly, although the "Standard" scheduling track limits a plaintiff to four depositions, M.D.N.C. R. 26.1(a)(1), Plaintiff

5

indicates he would like to depose at least seven individuals (Docket Entry 5 at 1-2). Under these circumstances, Plaintiff's Motion to Expedite is denied.

### Plaintiff's Motion for Preliminary Injunction

Finally, Plaintiff seeks a preliminary injunction against Defendant. (Docket Entry 6 at 1.) However, the Fourth Circuit has stated that a district court may not enter a preliminary injunction against a Defendant who has not been properly served. See Gilchrist v. General Elec. Capital Corp., 262 F.2d 295, 300-01 (4th Cir. 2001). In the instant case, as discussed above, Plaintiff has not submitted a proper summons for service upon Defendant.

Further, Local Rule 7.3(a) provides that a brief must accompany all motions - except those listed under Local Rule 7.3(j) (which does not include motions for preliminary injunction). Under Local Rule 7.3(k), "[a] motion unaccompanied by a required brief may, in the discretion of the court, be summarily denied." No brief accompanies Plaintiff's Motion for Preliminary Injunction, nor does the Motion itself contain arguments in support of a preliminary injunction, beyond a recitation of the same relief sought in the Complaint. (See Docket Entry 6 at 1-2.) For these reasons, the Court should deny Plaintiff's Motion for Preliminary Injunction.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Docket Entry 1) is **GRANTED** and Plaintiff may commence this action without prepaying fees or costs or giving security for such.

**IT IS FURTHER ORDERED** that, on or before October 21, 2013, Plaintiff shall prepare and shall deliver to the Clerk a properly completed summons for service upon Defendant, including the correct address, name, and title of the individual to be served on behalf of Defendant. Failure by Plaintiff to comply with this Order may result in the dismissal of this case without prejudice and without further notice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Discovery (Docket Entry 5) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Subpoena Witnesses and Issue Subpoenas <u>Duces</u> <u>Tecum</u> (Docket Entry 7) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine (Docket Entry 8) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (Docket Entry 3) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Trial Date and Preliminary Hearing (Docket Entry 4) is **DENIED.**

**IT IS FURTHER ORDERED** that, to assist Plaintiff in meeting his obligation to litigate this case, the Clerk shall send Plaintiff a copy of the Civil Rules portion of the Court's Local Rules, as well as of Federal Rules of Civil Procedure 4, 5, 6, 7, 10, 11, 15, 16, 26, 28, 29, 30, 31, 33, 34, 36, 37, 45, 56, and 72, as well as Forms 1, 2, 3, 50, and 51.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Docket Entry 6) be denied.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 23, 2013